PAUL L. REIN, Esq. (SBN 43053)
JULIE A. OSTIL, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
Tel: (510) 832-5001
Fax: (510) 832-4787

Attorney for Plaintiff:
CONNIE ARNOLD


Monica Cruz Thornton (SBN 131446)
Jennifer J. Capabianco (SBN 193371)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA  94105
Telephone:     (415) 979-0400
Facsimile:     (415) 979-2099

Attorneys for Defendants
GRAND ISLAND MANSION, INC.,
SANDRAS CLARK and TERRENCE BLACK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE ARNOLD,<br><br>          Plaintiff,<br><br>v.<br><br>GRAND ISLAND MANSION, INC.;<br>SANDRAS CLARK; TERRENCE<br>BLACK; and DOES 1-25, Inclusive,<br><br>          Defendants.<br>_____/ | CASE NO. 2:06-CV-02488-MCE-GGH<br><u>Civil Rights</u><br><br>**CONSENT DECREE AND ORDER** |

### **CONSENT DECREE AND ORDER**

1.     Plaintiff CONNIE ARNOLD filed a Complaint in this action on November 7, 2006, to obtain personal injury damages and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants, GRAND ISLAND MANSION, INC.; SANDRAS CLARK; TERRENCE BLACK; and DOES 1-25, Inclusive, relating to the condition their public accommodations as

of her visit of December 10, 2005, and continuing. Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54.1, and 55 of the California Civil Code, and sections 19955 *et seq.,* of the California Health and Safety Code by failing to provide full and equal access to their facilities at the Grand Island Mansion located at 13415 Grand Island Road, Walnut Grove, California.

2.     Defendants GRAND ISLAND MANSION, INC.; SANDRAS CLARK; and TERRENCE BLACK deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

**JURISDICTION:**

3.     The parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code §19955 *et seq*., including §19959; Title 24 California Code of Regulations; and California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.

4.     In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all claims regarding injunctive relief raised in the Complaint filed with this Court. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning plaintiff's claims for injunctive relief.

WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Proposed Order:**
**Case No. 2:06-cv-2488 MCE-GGH**     − 2 −     C:\iFolder\mengland\Home\TO DOCKET CIVIL\06cv2488.o.010408.doc

**SETTLEMENT OF INJUNCTIVE RELIEF**:

5.   This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint.  The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

6.   The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

a)   Remedial Measures: The corrective work agreed upon by the parties is attached here to as **Exhibit A**.  Defendants agree to undertake all of the remedial work set forth therein.

b)   Timing of Injunctive Relief:  Defendants will submit plans for all corrective work to the appropriate governmental agencies within 60 days of entry of this Consent Decree and Order by the court, will commence work within 30 days of receiving approval from the appropriate agencies, and will complete all work within 30 days of commencement.  For work not requiring building permits, the work will be completed within 90 days of entry of this Consent Decree and Order by the court.  In the event that unforeseen difficulties prevent defendants from completing any of the agreed-upon injunctive relief, defendants or their counsel will notify plaintiff's counsel in writing within 15 days of discovering the delay.  Defendants or their counsel will notify plaintiff's counsel when the corrective work is completed, and in any case will provide a status report no later than 120 days from the entry of this Consent Decree.

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**

7.   The parties have not reached an agreement regarding plaintiff's claims for damages, attorney fees, litigation expenses and costs.  These issues shall be the subject of further negotiation, litigation, and/or motions to the Court.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Proposed Order:
Case No. 2:06-cv-2488 MCE-GGH         – 3 –         C:\iFolder\mengland\Home\TO DOCKET CIVIL\06cv2488.o.010408.doc

**ENTIRE CONSENT ORDER**:

8. This Consent Decree and Order and Attachment A to this Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitutes the entire agreement between the signing parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief described herein. This Consent Decree and Order applies to plaintiff's claims for injunctive relief only and does not resolve plaintiff's claims for damages, attorney fees, litigation expenses and costs, which shall be the subject of further negotiation and/or litigation.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST**:

9. This Consent Decree and Order shall be binding on Plaintiff CONNIE ARNOLD; Defendant PLACER SIERRA BANK; defendants GRAND ISLAND MANSION, INC.; SANDRAS CLARK; TERRENCE BLACK; and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

10. Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Proposed Order:
Case No. 2:06-cv-2488 MCE-GGH     – 4 –     C:\iFolder\mengland\Home\TO DOCKET CIVIL\06cv2488.o.010408.doc

1  Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands,
2  actions and causes of action by the parties to this Consent Decree with respect to the Lawsuit,
3  whether the same are known, unknown or hereafter discovered or ascertained, and the
4  provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section
5  1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

This waiver applies to the injunctive relief aspects of this action <u>only</u> and does not include resolution of plaintiff's claims for damages, attorney fees, litigation expenses and costs.

11.  Except for all obligations required in this Consent Decree, and exclusive of the referenced continuing claims for damages, statutory attorney fees, litigation expenses and costs, each of the parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit.

**<u>TERM OF THE CONSENT DECREE AND ORDER</u>**:

12.  This Consent Decree and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.  The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Proposed Order:**
**Case No. 2:06-cv-2488 MCE-GGH**    – 5 –    C:\jFolder\mengland\Home\TO DOCKET CIVIL\06cv2488.o.010408.doc

**SEVERABILITY**:

13.     If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES**:

14.     Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: November __, 2007

---------------------------------------
Plaintiff CONNIE ARNOLD

Dated: November __, 2007

---------------------------------------
Defendant GRAND ISLAND MANSION, INC.

Dated: November __, 2007

---------------------------------------
Defendant SANDRAS CLARK

Dated: November __, 2007

---------------------------------------
Defendant TERRENCE BLACK

APPROVED AS TO FORM:

Dated: November __, 2007     PAUL L. REIN
                             JULIE A. OSTIL
                             LAW OFFICES OF PAUL L. REIN

---------------------------------------
Attorneys for Plaintiff
CONNIE ARNOLD

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Proposed Order:**
**Case No. 2:06-cv-2488 MCE-GGH**     – 6 –     C:\iFolder\mengland\Home\TO DOCKET CIVIL\06cv2488.o.010408.doc

1  Dated: November ___, 2007     MONICA CRUZ THORNTON
                                 JENNIFER J. CAPABIANCO
2                                SELMAN BREITMAN LLP

                                 _____
                                 Attorneys for Defendant
                                 GRAND ISLAND MANSION, INC.,
                                 SANDRAS CLARK and TERRENCE BLACK

## **ORDER**

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

Dated: January 4, 2008

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Proposed Order: Case No. 2:06-cv-2488 MCE-GGH**   — 7 —

c:\ifolder\mengland\home\to docket civil\06cv2488.o.010408.doc