PAUL L. REIN, Esq. (SBN 43053)
JULIE A. OSTIL, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
Tel: (510) 832-5001
Fax: (510) 832-4787

Attorney for Plaintiff:
CONNIE ARNOLD


Monica Cruz Thornton (SBN 131446)
Jennifer J. Capabianco (SBN 193371)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA  94105
Telephone:     (415) 979-0400
Facsimile:     (415) 979-2099

Attorneys for Defendants
GRAND ISLAND MANSION, INC.,
SANDRAS CLARK and TERRENCE BLACK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE ARNOLD,<br><br>        Plaintiff,<br><br>v.<br><br>GRAND ISLAND MANSION, INC.;<br>SANDRAS CLARK; TERRENCE<br>BLACK; and DOES 1-25, Inclusive,<br><br>        Defendants.<br>_____/ | CASE NO. 2:06-CV-02488-MCE-GGH<br><u>Civil Rights</u><br><br>**AMENDED CONSENT DECREE AND ORDER** |

## **CONSENT DECREE AND ORDER**

1.      Plaintiff CONNIE ARNOLD filed a Complaint in this action on November 7, 2006, to obtain personal injury damages and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants, GRAND ISLAND MANSION, INC.; SANDRAS CLARK; TERRENCE BLACK; and DOES 1-25, Inclusive, relating to the condition their public accommodations as

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Proposed Order:
Case No. 2:06-cv-2488 MCE-GGH          — 1 —          C:\jFolder\mengland\Home\TO DOCKET CIVIL\06cv2488.o.0125.doc

of her visit of December 10, 2005, and continuing.  Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54.1, and 55 of the California Civil Code, and sections 19955 *et seq.,* of the California Health and Safety Code by failing to provide full and equal access to their facilities at the Grand Island Mansion located at 13415 Grand Island Road, Walnut Grove, California.

2. Defendants GRAND ISLAND MANSION, INC.; SANDRAS CLARK; and TERRENCE BLACK deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action.  The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

**JURISDICTION:**

3. The parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code §19955 *et seq*., including §19959; Title 24 California Code of Regulations; and California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all claims raised in the Complaint filed with this Court.  Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning plaintiff's claims.

WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF**:

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Proposed Order:**
**Case No. 2:06-cv-2488 MCE-GGH**          − 2 −          C:\jFolder\mengland\Home\TO DOCKET CIVIL\06cv2488.o.0125.doc

1  Complaint.  The parties agree that there has been no admission or finding of liability or
2  violation of the ADA and/or California civil rights laws, and this Consent Decree and Order
3  should not be construed as such.
4      6.     The parties agree and stipulate that the corrective work will be performed in
5  compliance with the standards and specifications for disabled access as set forth in the
6  California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility
7  Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.
8      a)     <u>Remedial Measures</u>: The corrective work agreed upon by the parties is attached
9  here to as **Exhibit A**.  Defendants agree to undertake all of the remedial work set forth therein.
10      b)     <u>Timing of Injunctive Relief</u>:  Defendants will submit plans for all corrective
11  work to the appropriate governmental agencies within 60 days of entry of this Consent Decree
12  and Order by the court, will commence work within 30 days of receiving approval from the
13  appropriate agencies, and will complete all work within 30 days of commencement.  For work
14  not requiring building permits, the work will be completed within 90 days of entry of this
15  Consent Decree and Order by the court.  In the event that unforeseen difficulties prevent
16  defendants from completing any of the agreed-upon injunctive relief, defendants or their
17  counsel will notify plaintiff's counsel in writing within 15 days of discovering the delay.
18  Defendants or their counsel will notify plaintiff's counsel when the corrective work is
19  completed, and in any case will provide a status report no later than 120 days from the entry of
20  this Consent Decree.
21
22  **DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**
23      7.     The parties have reached an agreement regarding plaintiff's claims for
24  damages, attorney fees, litigation expenses and costs.  Defendants shall pay to plaintiff the
25  amount of $60,000 in the form of a check payable to "Paul L. Rein in Trust for the Connie
26  Arnold Special Needs Trust."  This amount shall cover plaintiff's claims for personal injury,
27  civil rights violations, and all other forms of damages, as well as attorney fees, litigation
28  expenses, and costs.  The payment shall be made no later than January 21, 2008.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Proposed Order:**
**Case No. 2:06-cv-2488 MCE-GGH**     — 3 —     C:\jFolder\mengland\Home\TO DOCKET CIVIL\06cv2488.o.0125.doc

**ENTIRE CONSENT ORDER**:

8. This Consent Decree and Order and Attachment A to this Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitutes the entire agreement between the signing parties on the matters discussed therein, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST**:

9. This Consent Decree and Order shall be binding on Plaintiff CONNIE ARNOLD; Defendant PLACER SIERRA BANK; defendants GRAND ISLAND MANSION, INC.; SANDRAS CLARK; TERRENCE BLACK; and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

10. Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Proposed Order:
Case No. 2:06-cv-2488 MCE-GGH       — 4 —       C:\iFolder\mengland\Home\TO DOCKET CIVIL\06cv2488.o.0125.doc

1  provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section
2  1542 provides as follows:

3  > A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
4  > CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE
5  > TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST
6  > HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

7      11.    Except for all obligations required in this Consent Decree, each of the parties to
8  this Consent Decree, on behalf of each, their respective agents, representatives, predecessors,
9  successors, heirs, partners and assigns, releases and forever discharges each other Party and all
10 officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent
11 companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and
12 representatives of each other Party, from all claims, demands, actions, and causes of action of
13 whatever kind or nature, presently known or unknown, arising out of or in any way connected
14 with the Lawsuit.

15

16 **TERM OF THE CONSENT DECREE AND ORDER**:

17     12.    This Consent Decree and Order shall be in full force and effect for a period of
18 twelve (12) months after the date of entry of this Consent Decree and Order, or until the
19 injunctive relief contemplated by this Order is completed, whichever occurs later. The Court
20 shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months
21 after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is
22 completed, whichever occurs later.

23

24 **SEVERABILITY**:

25     13.    If any term of this Consent Decree and Order is determined by any court to be
26 unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in
27 full force and effect.

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Proposed Order:**
**Case No. 2:06-cv-2488 MCE-GGH**  — 5 —  C:\jFolder\mengland\Home\TO DOCKET CIVIL\06cv2488.o.0125.doc

1  **SIGNATORIES BIND PARTIES**:

2  14. Signatories on the behalf of the parties represent that they are authorized to bind

3  the parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in

4  counterparts and a facsimile signature shall have the same force and effect as an original

5  signature.

7  Dated: December 21, 2007

8  /s/ Connie Arnold
   Plaintiff CONNIE ARNOLD

10 Dated: December 21, 2007

11 /s/ Sandras Clark
   Defendant GRAND ISLAND MANSION, INC.

12 Dated: December 21, 2007

13 /s/ Sandras Clark
14 Defendant SANDRAS CLARK

15 Dated: December 21, 2007

16 /s/ Terry Black
   Defendant TERRENCE BLACK

18 APPROVED AS TO FORM:

20 Dated: December 21, 2007          PAUL L. REIN
                                      JULIE A. OSTIL
21                                    LAW OFFICES OF PAUL L. REIN

23                                    /s/ Julie Ostil
                                      Attorneys for Plaintiff
                                      CONNIE ARNOLD

26 ///
27 ///
28 ///

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Proposed Order:**
**Case No. 2:06-cv-2488 MCE-GGH**            — 6 —            C:\iFolder\mengland\Home\TO DOCKET CIVIL\06cv2488.o.0125.doc

Dated: December 21, 2007     MONICA CRUZ THORNTON
                             JENNIFER J. CAPABIANCO
                             SELMAN BREITMAN LLP


                             /s/ Jennifer Capabianco
                             Attorneys for Defendant
                             GRAND ISLAND MANSION, INC.,
                             SANDRAS CLARK and TERRENCE BLACK


**ORDER**

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

Dated: January 25, 2008

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Proposed Order: Case No. 2:06-cv-2488 MCE-GGH**

— 9 —

c:\ifolder\mengland\home\to docket civil\06cv2488.o.0125.doc

# ATTACHMENT A

The parties agree and stipulate that the following corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to herein.

1. Route to First Floor Entrances from Parking
   a. Defendants will add a handrail to Ramp #1 (the ramp near the pool)
   b. Defendants will reconstruct Ramp #2 on route to the Billiard room to achieve a maximum 8.3% slope and provide two handrails.
   c. Defendants will provide a 60" by 60" level landing outside the door to the Billiard Room to provide access to the lower level. Existing doors to the billiard room will be open and attended when guests are using the lower level.

2. First Floor Functional Activities
   a. Defendants will provide, on an as-needed basis, a temporary ramp for access to the raised floor of the theater and gym.
   b. If the pool is available to guests or attendees, a fully compliant, independently-operable pool lift will be provided.

3. Vertical Access Between Levels
   a. Defendants will ensure that the wheelchair platform lift is functional. If the wheelchair lift is not functional, defendants will call for service within 24 hours and make all reasonable efforts to repair the lift as soon as possible. Further, if the lift is not functional, defendants' website will be updated to include that information and any parties who have reserved any portion of the property for events will be notified of the non-operational status of the lift. The lift includes an emergency mechanism.
   b. Defendants will re-build the ramp that leads to the lift's lower station in order to meet the following conditions: slope will be no steeper than 8.33%; top landing slop may be no steeper than 2% in any direction; strike edge clearance at the door to the lift will be at least 18" wide; handrails will be provided on both sides of the ramp. This may be done by lowering the top landing of the ramp by approximately 9" (and setting the lift so that it starts at a point 9" lower than it currently does) or by replacing the existing ramp with a longer one.
   c. Defendants will ensure communication is available between the lower and upper level via buzzer or employee.
   d. Defendants will add signage directing patrons to the accessible lift.

4. Restrooms: Defendants will provide two accessible restrooms, one on each level, by doing the following:
   a. Defendants will provide an accessible restroom on the billiard room level by doing the following: widening the entry door to 32", or to 30" with a power door opener; replace the toilet with a higher fixture; locate the toilet so that its centerline is 18" from the flanking wall; add compliant grab bars; replace the pedestal-style sink with a small (17" deep) wall-hung lavatory.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Proposed Order: Case No. 2:06-cv-2488 MCE-GGH

— 9 —

c:\jfolder\mengland\home\to docket civil\06cv2488.o.0125.doc

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

      b. Defendants will provide an accessible restroom on the dining room level by combining the single-user men's and women's restrooms near the kitchen to create one accessible unisex toilet room according to the drawing below.
      c. Defendants will provide signage directing patrons to the accessible restrooms.
      d. If possible, toilets will be set at 19" but in any case no lower than 17".

5. Entry Door Threshold: Defendants will provide a portable ramp at the primary front entrance to the dining room level. The ramp will be 48" wide and have compliant edges (either sloped sides or edge protection). This door will also be attended by staff when the dining room is in use.

6. Website: Defendants will add information regarding accessibility at the premises to their website.

Drawing for Item 4b:




Consent Decree and Proposed Order: Case
No. 2:06-cv-2488 MCE-GGH — 9 —

c:\ifolder\mengland\home\to docket civil\06cv2488.o.0125.doc